IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$13,475,175.67 IN FUNDS SEIZED FROM MITSUBISHI UFJ TRUST AND BANKING CORPORATION ACCOUNT ENDING IN 0328,<br><br><br>Defendant *in Rem*. | Civil No. 1:24-cv-2333 |

## STIPULATED CONSENT JUDGMENT AND ORDER OF FORFEITURE

WHEREAS on December 20, 2024, the United States filed a civil Complaint for Forfeiture *In Rem* seeking the forfeiture of the property listed in the case caption above ("subject property") pursuant to 18 U.S.C. § 981(a)(1)(C);

AND WHEREAS, notice and a copy of the Complaint for Forfeiture *In Rem* were served on all known potential claimants who may have had an interest in the subject property, including claimant Deltec Bank and Trust Ltd.;

AND WHEREAS, on January 27, 2025, claimant Deltec Bank and Trust Ltd. filed a claim asserting ownership of the subject property;

AND WHEREAS, in December 2024 an agreement as to the subject property was reached between the United States and claimant Deltec Bank and Trust Ltd., which agreement is embodied in the Stipulation for Settlement and Joint Motion for Entry of Consent Order of Settlement filed contemporaneously with this Stipulated Consent Judgment and Settlement Order;

AND WHEREAS, both the United States and claimant Deltec Bank and Trust Ltd. are aware of their respective rights and wish to resolve this matter without further litigation or expense;

NOW THEREFORE, the United States and claimant Deltec Bank and Trust Ldt. stipulate and agree as follows:

1.      This Agreement is entered into between the United States of America, through the U.S. Attorney's Office for the Eastern District of Virginia ("the United States") and Deltec Bank & Trust ("the Claimant"). This Agreement is intended to fully and finally resolve all asset forfeiture claims held by the government related to the seizure and civil forfeiture of the $44,828,369.38 seized from Mitsubishi UFJ Trust and Banking Corporation Account Ending in 0328 on or about June 13, 15, and 29, 2023 (the "Seized Funds"). Accordingly, the government hereby agrees not to seek restraint or forfeiture of additional assets of claimant Deltec Bank & Trust (the "Claimant") on the basis for seizure and forfeiture alleged with respect to the Seized Funds.

2.      On or about June 13, 15, and 29, 2023, the United States seized $44,828,369.38 from Mitsubishi UFJ Trust and Banking Corporation Account Ending in 0328, in the Name of Deltec Bank & Trust. The United States then filed a civil forfeiture action against $13,475,175.67 of the Seized Funds, *United States v. $13,475,175.67 in Funds Seized from Mitsubishi UFJ Trust and Banking Corporation Account Ending In 0328* (the "Defendant Funds").

3.      The Claimant herby consents and agrees to the entry of a judgment of forfeiture on the Complaint for Civil Forfeiture in rem consistent with the following terms.

    a.  The United States shall return to the Claimant, by and through its counsel, the

sum of $37,828,369.38 of the Seized Funds via a payment made through the United States Treasury and as further described in paragraph 12 below.

  b. The Claimant agrees that all right, title, and interest in the remaining $7,000,000 of the Defendant Funds shall be forfeited to and shall vest in the United States of America for disposition according to law and that the Court may immediately enter Judgement of Forfeiture in favor of the United States as to these $7,000,000 of the Defendant Funds.

4. Furthermore, in consideration for the Claimant's agreement to forfeit the sum of $7,000,000 to the United States, the United States hereby releases any and all claims it has or might now have under the theories asserted as to the Seized Funds and the Defendant Funds with respect to the remaining $37,828,369.38 of the Seized Funds to be returned to the Claimants under this Agreement.

5. All releases in this Agreement pertain only to civil forfeiture liability as to the Seized Funds. However, the United States warrants that the United States Attorney's Office for the Eastern District of Virginia has not filed any criminal charges against the Claimant or its affiliated entities or personnel in any case related to this civil forfeiture action.

6. As used throughout this Agreement, "the United States" refers to the U.S. Attorney's Office for the Eastern District of Virginia. The Claimant understands and acknowledges that the undersigned assistant U.S. Attorneys do not have the power to bind a district other than the Eastern District of Virginia. Further, the Claimant understands and acknowledges that the undersigned Assistant U.S. Attorneys do not have the power to bind agencies of the United States for which the U.S. Attorney's Office is not the authorized litigating body, and nothing in this Agreement should be construed to do so.

7.      Nothing in this Agreement shall constitute or be construed to constitute an admission by the Claimant or its subsidiaries, affiliates, predecessors, successors, or assigns, or their current or former shareholders, predecessors, successors, or assigns, or related entities, joint ventures, partners, principals, investors, directors, officers, employees, agents, heirs, administrators, representatives, attorneys, or managers that the Claimant engaged in any unlawful activity, all such liability, fault, responsibility, and wrongdoing of any kind being expressly denied by them. Nor does this Agreement constitute an admission by the Claimant of the contentions or allegations of the United States with respect to the Seized Funds or the Defendant Funds.

8.      Entry of this Agreement is not intended as, and in no way constitutes, a finding by the Court of any violation of law by the Claimant or its affiliated entities, owners, principals, partners, officers, or employees.

9.      This Agreement does not constitute, and should not be construed as, any evidence that one party substantially prevailed in litigation over the other or as evidence of the merits of any claims alleged with respect to either the Seized Funds or the Defendant Funds or of any defenses with respect to either the Seized Funds or the Defendant Funds.

10.      The Claimant hereby waives any and all claims that the Claimant has or might have against the United States of America, the United States Department of Justice, the United States Marshals Service, the United States Secret Service, and all agents, officers, and employees thereof (hereinafter the "Released Parties"), relating to the seizure of the Seized Funds or forfeiture of the Defendant Funds, including any claims for lost profits or interest.

11.      The Claimant agrees to hold the Released Parties harmless from any and all claims of third parties pertaining to the Seized Funds and the Defendant Funds.

12.     The United States will initiate the return of $31,353,193.70 of the Seized Funds upon the filing of its civil forfeiture complaint. The return of the remaining $6,475,175.67 from the Defendant Funds to the Claimant is contingent upon the court entering a judgment forfeiting the sum of $7,000,000 to the United States. If any person or entity other than Claimant makes a claim to $7,000,000 of the Defendant Funds to be forfeited to the United States and such claim necessitates any further forfeiture proceedings regarding that portion of the Defendant Funds, Claimant agrees to cooperate fully with the United States in any such further forfeiture proceedings.

13.     Both parties agree to bear their own costs and attorney's fees, and Claimant agrees to waive all claims, if any, to reasonable attorney's fees, litigation costs, and post-judgment interest under 28 U.S.C. § 2465(b).

14.     The Claimant acknowledges that the Debt Collection Improvement Act of 1996, as codified at 31 U.S.C. §3716 and administered through the Treasury Offset Program ("TOP"), requires the United States Treasury to offset federal payments to collect certain delinquent debts owed by a payee to the United States, a United States agency, or a state. Accordingly, the Claimant acknowledges that the amount of funds to be returned to the Claimant under this settlement agreement may be reduced by the amount of any such delinquent debt that the United States Treasury is required to collect from Claimant through TOP.

15.     The Claimant understands that this stipulation is contingent on obtaining approval from the Deputy Attorney General and that, on December 16, 2024, the United States did obtain such approval.

16.     The Court shall retain jurisdiction in this cause for the purpose of enforcing the terms of this stipulation for compromise settlement.

17.   This stipulation contains the entire agreement between the Claimant and the United States of America.

Accordingly, pursuant to Federal Rule of Civil Procedure 41(a)(2), the action is DISMISSED WITH PREJUDICE as to the subject property.

The Clerk is directed to forward copies of this Order to counsel of record and to close this civil action.

Honorable Rossie D. Alston, Jr.
United States District Judge
EDVA

Alexandria, Virginia

Dated: March 13 2025